UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

KAREEM SWINTON,                          :
                                         :
                    Plaintiff,           :
                                         :        **MEMORANDUM AND**
         -against-                       :        **ORDER**
                                         :
UNITED STATES OF AMERICA,                :        3:25-CV-01859 (VDO)
                                         :
                    Defendant.           :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

On November 3, 2025, Petitioner Kareem Swinton commenced this motion to vacate before the Court under 28 U.S.C. § 2255 (the "Motion").[1] Petitioner seeks relief on four grounds: (1) the district court erred in denying Petitioner's Rule 29 motion because the Government's case against him was based exclusively on hearsay; (2) the district court incorrectly sentenced Petitioner as responsible for the entire conspiracy despite there being no jury finding to this effect; (3) the district court deprived Petitioner of meaningful appellate review by omitting jury notes from the trial transcript concerning Petitioner's responsibility for drugs possessed by his co-conspirator, and by omitting jury notes from the transcript supporting a lower drug quantity calculation than that found by the district court; and (4) the district court relied on facts in sentencing, such as drug quantity, that were not determined by the jury.[2] For the following reasons, the Motion is **DENIED**.

---

[1] Mot. to Vacate, ECF No. 1.

[2] *Id.* at 5–9.

## I.    BACKGROUND

On August 3, 2022, a jury convicted Petitioner of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).[3] He was sentenced to 120 months of incarceration, which was within the Sentencing Guidelines range.[4]

On February 3, 2023, Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Second Circuit.[5] Through counsel, Petitioner challenged the district court's admission of co-conspirator statements during his trial, the sufficiency of the trial evidence, his sentencing enhancement pursuant to 21 U.S.C. § 851, and the reasonableness of his sentence.[6] The Second Circuit affirmed the district court's judgment. In so doing, it held that (1) the district court properly exercised its discretion in determining that calls recorded through wiretap pertained to a conspiracy; (2) the circumstantial evidence presented against Petitioner was sufficient for a rational jury to determine that Petitioner did possess a controlled substance with intent to distribute; (3) Petitioner's sentence was not procedurally unreasonable; and (4) Petitioner's arguments about sentencing enhancements were to no avail because he could not show prejudice.[7]

---

[3] Opp., ECF No. 6. At 1.

[4] *Id.* at 3

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 4–12; *see also United States v. Swinton*, No. 23-6118, 2024 WL 1564487 ((2d Cir. Apr. 11, 2024) (summary order).

Petitioner appealed the district court's judgment to the U.S. Supreme Court, where he specifically raised the issue of whether the admission of hearsay testimony of alleged co-conspirators was unconstitutional in the absence of knowledge about the identity of declarants.[8] On November 4, 2024, the Supreme Court denied certiorari.[9]

In the instant matter, Petitioner filed the Motion on November 3, 2025, and the Government filed its response (the "Response") on November 14, 2025.[10]

## II.    <u>LEGAL STANDARD</u>

A prisoner in federal custody may bring a motion to "vacate, set aside, or correct the sentence" of a court on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see also Hunter v. U.S.*, No. 21-CV-1322 (SRU), 2023 WL 5646026, at *3 (D. Conn. Aug. 31, 2023). The standard for § 2255 petitions is "stringent." *Vasquez v. Parrott*, 318 F.3d 387, 392 n.1 (2d Cir. 2003). "[E]ven constitutional errors will not be redressed through a section 2255 petition unless they have had a 'substantial and injurious effect' that results in 'actual prejudice' to the petitioner." *Morales-Arambula v. United States*, No. 22-CV-323 (SRU), 2023 WL 2503052, at *3 (D. Conn. Mar. 14, 2023) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637 (1993)); *see also Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999). Furthermore, "[t]he petitioner bears the burden of proving that he or she is entitled to relief by a preponderance of the

---

[8] Pet. Writ of Cert., ECF No. 6-2.

[9] Denial Sup. Ct. Pet., ECF No. 6-3 at 2; *Swinton v. United States.*, 145 S. Ct. 458 (Mem) (2024).

[10] *See* ECF Nos. 1, 6.

evidence." *Hunter*, 2023 WL 5646026, at *3 (citing *Triana v. U.S.*, 205 F.3d 36, 40 (2d Cir. 2000)).

### III.   **DISCUSSION**

#### A.   **The Mandate Rule Bars Grounds 1 and 2 of the Motion from Consideration**

Petitioner's claims concerning sufficiency of evidence and sentencing (grounds 1 and 2), were already decided on direct appeal to the Second Circuit. Petitioner has cited no change in law that would have altered the result of his appeal on these claims. These claims are therefore barred from reconsideration by this Court by the mandate rule.

"It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001) (quoting *Cabrera v. U.S.*, 972 F.2d 23, 25 (2d Cir.1992)); *see also Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980) ("[I]t is well-settled that 'once a matter had been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack.'") (quoting *U.S. v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977))). This "mandate rule" thus "bars re-litigation of issues already decided on direct appeal." *Yick Man Mui v. U.S.*, 614 F.3d 50, 53 (2d Cir. 2010); *see also Sherman v. United States*, No. 11-CV-1122 (JCH), 2012 WL 662304, at *3 (D. Conn. Feb. 21, 2012) (holding that the mandate rule bars defendant from re-litigating an issue); *Gotti v. United States*, 622 F. Supp. 2d 87, 92 (S.D.N.Y. 2009) ("It is well-settled that a petition for *habeas corpus* may not provide a second bite at the apple, i.e., another chance to raise issues that were or could have been raised on appeal."). "[O]nly where there has been an intervening change in the law and the new law would have exonerated [the] defendant had it been in force before the conviction was affirmed on direct appeal" may a court sitting in

habeas jurisdiction revisit matters already decided on appeal. *Williams v. United States*, No. 14-CR-784, 2022 WL 903001, at *3 (S.D.N.Y. Mar. 28, 2022) (quoting *Chin*, 622 F.2d at 1092). The habeas petitioner bears the burden to show that there is such a new law and that the new law would have been exonerating had it been in force before the petitioner's conviction was affirmed on appeal. *Id*.

Here, the issues concerning evidence insufficiency and incorrect sentencing raised by Petitioner (grounds 1 and 2) were already decided on direct appeal when Petitioner argued that the Government's case against him was based solely on hearsay, and that the district court sentenced him incorrectly based on the evidence presented at trial.[11] The Second Circuit considered the same arguments about evidence insufficiency and sentencing made by Petitioner in the Motion now before the Court and held that the district court properly exercised its discretion in evaluating the circumstantial evidence presented against Petitioner.[12] The Second Circuit further held that the evidence was sufficient for a rational jury to find that Petitioner participated in a conspiracy to distribute controlled substances in Connecticut.[13] The Second Circuit also concluded that the district court's sentence was reasonable.[14] Petitioner's claims in the Motion concerning evidence insufficiency and sentencing were therefore decided on direct appeal. Consequently, because Petitioner's claims were already decided on direct appeal, the mandate rule bars Petitioner from re-litigating them before this Court. Petitioner

---

[11] ECF No. 6-1 at 2–3.

[12] *Id.* at 5.

[13] *Id.* at 6.

[14] *Id.*

has presented no argument concerning a change in law that would permit the Court to reconsider these matters already decided on direct appeal.

Thus, the mandate rule bars re-litigation of Petitioner's claims concerning evidence insufficiency and incorrect sentencing (grounds 1 and 2).

### B. Procedural Default Bars the Remaining Claims of the Motion

Next, Petitioner's claims concerning omitted jury notes (grounds 3 and 4), were not raised on direct appeal. Because Petitioner has not demonstrated the cause and prejudice necessary to overcome the procedural default that ordinarily follows from such a failure to raise claims on direct appeal, these claims are barred from collateral review by procedural default.

It is well established that a habeas petitioner generally may obtain review of his claims only if he has raised them at trial and on direct appeal. *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007) ("In general, a claim may not be presented in a habeas petition where the petitioner failed to properly raise the claim on direct review."); *see also Shapovalov v. United States,* No. 19-CV-821 (VLB), 2021 WL 1964722, at *3 (D. Conn. May 17, 2021) (same). "This rule is rooted in several core concerns: the finality of judgments, the accuracy and integrity of prior proceedings, and the interests of judicial economy." *Chibuko v. United States*, No. 16-CV-2098 (VLB), 2020 WL 1140888, at *5 (D. Conn. Mar. 9, 2020). As the Second Circuit has stated, "collateral review of convictions 'places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh.'" *Campino v. United States*, 968 F.2d at 190 (quoting *Keeney v. Tamayo Reyes*, 504 U.S. 1, 7 (1992)).

6

Procedural default for failure to raise a claim on appeal can only be "overcome…by showing cause and prejudice." *Yick Man Mui*, 614 F.3d at 54. "In order to demonstrate cause, a defendant must show 'some objective factor external to the defense[.]'" *Hudson v. United States*, No. 25-CV-646 (VDO), 2026 WL 1040949, at *2 (D. Conn. Apr. 15, 2026) (quoting *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019)). Moreover, in determining what constitutes cause in this context, "the U.S. Supreme Court consistently has held that, '[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective ... [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default.'" *Gotti*, 622 F. Supp. 2d at 92 (quoting *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)). "For a petitioner to demonstrate 'actual prejudice,' he must 'shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Hudson*, 2026 WL 1040949, at *2 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Here, by Petitioner's own account, his remaining two claims were not raised on direct appeal to the Second Circuit.[15] Nor were they raised on Petitioner's appeal to the United States Supreme Court.[16] The claims are therefore barred from review by procedural default unless Petitioner can show the cause and prejudice required to overcome this rule.

---

[15] ECF No. 1 at 4–10.

[16] ECF No. 6-1 at 3.

Yet, Petitioner has not made any specific claims regarding cause and prejudice. [17] Although Petitioner explained that he did not bring the claims on the advice of counsel, he fell short of alleging that his counsel's advice was constitutionally ineffective, such that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Rather, Petitioner merely stated his counsel advised him not to raise the issues of jury notes on appeal to the Second Circuit.[18] Petitioner therefore fails to demonstrate the cause required to overcome procedural default. And without a showing of cause, Petitioner also cannot demonstrate prejudice.

Thus, because Petitioner fails to show the cause and prejudice required to excuse his failure to raise these claims on appeal, grounds 3 and 4 of Petitioner's Motion are barred from review by procedural default.

## IV.   **CONCLUSION**

For the foregoing reasons, the Petitioner's Motion is **DENIED**. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
August 13, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[17] While Petitioner has not explicitly raised an ineffective counsel claim, the Government has addressed this issue the Response out of an abundance of caution. *See* ECF No. 6 at 10–13. The Court finds it unnecessary to construe the Motion as alleging such a claim.

[18] ECF No. 1 at 6–9.